IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:21-CV-00106

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ONE SCCY INDUSTRIES CPX-1 | ) |
| HANDGUN seized from Dekalia | ) |
| Leigh Simpson on or about | ) |
| October 27, 2020, in Buncombe | ) |
| County, North Carolina, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF DEFAULT JUDGMENT

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture. [Doc. 7]. Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture as to the SCCY Industries CPX-1 handgun ("the Defendant Firearm") identified in the Government's Verified Complaint.

## FACTUAL BACKGROUND

The following is a recitation of the relevant, admitted facts.[1]

---

[1] Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive

In the fall of 2020, officers with the Asheville Police Department's Public Housing Unit received complaints regarding a high volume of pedestrian and automobile traffic concentrated around the 79 building block of the Klondyke Apartments. [Doc. 1 at ¶ 8]. Additionally, in the fall of 2020, officers with the Asheville Police Department's Public Housing Unit observed multiple individuals at the Klondyke Apartments engaged in activities consistent with drug trafficking. [Id. at ¶ 9]. During this same time period, officers also seized firearms and narcotics from individuals at the Klondyke Apartments. [Id.].

On or about October 27, 2020, at approximately 9:30 p.m., officers with the Asheville Police Department's Public Housing Unit encountered a suspicious vehicle around the 79 building block of the Klondyke Apartments. [Id. at ¶ 10]. Specifically, two individuals who were inside the vehicle appeared to be smoking and passing back and forth a brown hand-rolled cigar. [Id. at ¶ 11]. The windows were rolled up, and there was a large amount of smoke inside of the vehicle. [Id. at ¶ 12]. Based upon prior investigative experience, the officers determined that the brown-hand rolled cigar was consistent with a marijuana blunt. [Id. at ¶ 13].

---

pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint [Doc. 1] are deemed admitted as true.

Additionally, the officers knew that by keeping the windows rolled up, the marijuana smoke concentrates inside the car, providing a more concentrated "high" from the marijuana. [Id. at ¶ 14]. This practice is commonly referred to as "hotboxing." [Id.].

Officers Patrick Destefano, Chris Katt, and Nick Jones approached the vehicle on foot and made contact with the driver, who was later identified as Dekalia Simpson. [Id. at ¶ 15]. Officer Destefano knocked on the window of the vehicle, but Ms. Simpson did not initially roll the window down. [Id. at ¶ 16]. Instead, Ms. Simpson made a furtive movement near the center console. [Id.]. Several seconds later, Ms. Simpson opened the door of the vehicle. [Id.]. The other occupant of the vehicle was a juvenile. [Id.].

When Ms. Simpson opened the door of the vehicle, Officer Destefano detected a strong odor coming from inside of the vehicle. [Id. at ¶ 17]. Based upon his prior investigative experience, Officer Destefano concluded that the odor was a type of cover-up fragrance that the occupants had sprayed in an attempt to mask the odor of marijuana. [Id.]. Officer Destefano asked Ms. Simpson what was being smoked inside the vehicle. Ms. Simpson stated, "sorry I was waiting for somebody" and then she voluntarily exited the vehicle. [Id. at ¶ 18]. As Ms. Simpson exited the

3

vehicle, Officer Destefano immediately observed a tan Taurus Millenium G2C handgun on the driver's seat of the vehicle, directly underneath where Ms. Simpson's thigh had been. [Id. at ¶ 19]. In addition to the tan Taurus Millenium G2C handgun, Officer Jones observed multiple items of contraband in plain view. [Id. at ¶ 20].

Officer Jones conducted a probable cause search of the vehicle. [Id. at ¶ 21]. During the probable cause search of the vehicle, Officer Jones located a large, opened vacuum-sealed bag containing approximately 123 grams of a green leafy substance consistent with marijuana, a smaller ziplock baggie filled with suspected marijuana, a large stack of U.S. Currency (totaling $10,480.00), and a black digital scale inside a maroon shoe bag. [Id. at ¶ 22].

Additionally, Officer Katt located the Defendant Firearm—a SCCY pistol—in a pink purse inside the vehicle, along with another ziplock baggie filled with suspected marijuana. [Id. at ¶ 23]. The pink purse was found on the driver's side floorboard. [Id.]. Ms. Simpson's driver's license was also found inside the pink purse. [Id.]. Officer Katt also seized a marijuana blunt that he had witnessed the juvenile passenger attempt to discard upon the officer's initial approach. [Id. at ¶ 24].

Additionally, officers located a spare loaded black magazine from the center console of the vehicle. [Id. at ¶ 25]. Ms. Simpson did not have an active concealed weapons permit. [Id. at ¶ 26].

In summary, based upon the probable cause search of the vehicle, the officers collectively located two firearms, approximately 142 grams of marijuana in three different packages, a digital scale, and over $10,000.00 in US Currency. [Id. at ¶ 27]. Notably, the denominations of the U.S. Currency were also consistent with the distribution of marijuana, as a large amount of the denominations were $20 bills. [Id.]. Ms. Simpson was charged with various drug and firearms offenses in connection with this incident, including possession with intent to distribute marijuana. [Id. at ¶ 28].

## PROCEDURAL BACKGROUND

The Drug Enforcement Administration ("DEA") initiated an administrative forfeiture action against the Defendant Firearm, as well as against the U.S. Currency and the other firearm seized in connection with the incident. [Id. at ¶ 29]. On January 19, 2021, Ms. Simpson filed a claim only as to the Defendant Firearm. [Id. at ¶ 30].

On April 16, 2021, the Government filed a Verified Complaint for Forfeiture in Rem, alleging that the Defendant Firearm seized from Ms.

5

Simpson on or about October 27, 2020, is subject to civil forfeiture under 21 U.S.C. § 881(a)(11) and 18 U.S.C. § 924(d)(1). [Doc. 1]. On April 19, 2021, the Clerk issued a Warrant of Arrest *in Rem* for the Defendant Firearm. [Doc. 2].

After the Government filed its Complaint and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on April 19, 2021, the Government mailed notice and a copy of the Complaint to Ms. Simpson. [Doc. 4]. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Firearm by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on April 20, 2021. [Doc. 4].

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity has made a timely claim to the Defendant Firearm. On August 3, 2021, the Government filed a motion for entry of Clerk's default. [Doc. 5]. On August 4, 2021, the Clerk entered default. [Doc. 6].

# **DISCUSSION**

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may obtain forfeiture of a firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or proceeds traceable to such controlled substances. See 21 U.S.C. § 881(a)(11). Additionally, the Government may obtain forfeiture of a firearm that that was knowingly possessed by an unlawful user of a controlled substance. See 18 U.S.C. § 924(d)(1); 18 U.S.C. § 922(g)(3).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Firearm is subject to forfeiture under 21 U.S.C. § 881(a)(11) and 18 U.S.C. § 924(d)(1). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental

Rule G(4). No individual or entity has timely filed a claim to the Defendant Firearm. After careful review, the Court finds that the Government has established that default judgment is appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture [Doc. 7] is hereby **GRANTED**, and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Firearm, that is, the SCCY Industries CPX-1 handgun identified in the Government's Verified Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Firearm is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Firearm as provided by law.

**IT IS SO ORDERED**.

Signed: September 13, 2021

_____
Martin Reidinger
Chief United States District Judge